OPINION OF THE COURT

Per Curiam.

Order entered June 8, 1978 (L. Cohen, J.), affirmed with $10 costs for the reasons stated by L. Cohen, J., at Special Term.
We agree with Special Term that the United States District Court, in its order of May 11, 1976 concluded that the subject attachment was improper. Beyond the absurdities which, the District Court observed would result under the CPLR from permitting the third-party defendant to attach its own judgment obligation to the plaintiff Antonio Arias Cardenas (Arias) — in order to secure jurisdiction over Arias — such a self-serving attachment would appear to be against public policy. A judgment debtor should not be able to withhold satisfaction of that obligation in the first instance, much less utilize that obligation as a predicate for obtaining in rem jurisdiction over a nonresident judgment creditor.
In a number of cases it has been held that the courts will not countenance attachment or garnishment procured by any unlawful and fraudulent trick by which the property of, or indebtedness to, a nonresident was subject to the jurisdiction (Ann. 37 ALR 1255). In Saxony Mills v Wagner (94 Miss 233) it was held that one indebted to a nonresident cannot place money in a bank to his credit, in defiance of his wishes, for the purpose of conferring jurisdiction in garnishment proceedings upon a court where the bank is located. The third-party defendant’s attempt to attach its own judgment obligation to Arias is very much the same artifice, except without the additional contrivance of opening up a bank account to Arias’ credit.
The landlord and third-party defendant’s defense of champerty fares no better than their strained reading of the District Court’s order of May 11, 1976. Judge Cohen correctly noted in the order appealed from: "[N]ot all assignments to *294 attorneys violate the Judiciary Law. Furthermore, it has been held that the reassignment by the attorney to another or to the original assignee removes any impairment to suit thereon. Thus, an attorney may pass clear title to a chose in action which may have been unenforceable by him to another even though that person has full knowledge of the champerty and the chose in action will be enforceable as long as its enforcement is not in fact in the sole interest of the attorney. Beers v. Washbond, 86 A D 582; Creteau v. Foote & T. Glass Company, 40 A D 215; 7 NY Jur, Champerty and Maintenance Section 8.” In view of the reassignment of the cause of action on the bond from the plaintiff Richard T. Andrias to Arias, it was appropriate to permit Andrias to withdraw as a party plaintiff.
Concur: Riccobono, J. P., Hughes and Tierney, JJ.